May it please the Court, Julie Gantz on behalf of the EEOC. In this case, Seventh-day Adventist nurse Emily Sharandara requested to be excused from working the Friday night shift at the defendant's hospital because it conflicted with her Sabbath, which disallows secular work from sundown Friday to sundown Saturday. North Memorial withdrew her job offer even after she repeatedly said she would accept the position with or without accommodation. This Court should reverse the District Court's holding that her request for religious accommodation is not protected activity under Title VII's anti-retaliation provision. Treating requests for accommodation as protected opposition to unlawful behavior is supported by the text of the statute, the Supreme Court's broad interpretation of the word oppose, consistent with the anti-retaliation provision's objective to protect workers who assert their Title VII rights and consistent with Title VII's larger purpose to secure workplaces free of discrimination. Title VII makes it unlawful for an employer to discriminate against an employee or applicant because she has opposed a practice made unlawful by Title VII or that she reasonably believes is unlawful. Surendra's request for accommodation necessarily conveyed her opposition to North Memorial's requirement that she work on her Sabbath in violation of her religious beliefs when North Memorial could accommodate her. The unlawful activity she was opposing was the denial of a reasonable accommodation. The Supreme Court in Crawford explained that the term oppose must be given its ordinary meaning and the Court attributed several dictionary definitions to the term, including to be hostile or adverse as an opinion. The Crawford court said oppose goes beyond active consistent behavior in ordinary discourse where we would naturally use the term to the word to speak of someone who has taken no action at all to advance a position beyond disclosing it. The court held that an employee who answered questions about a harasser's inappropriate behavior during an internal investigation was protected by the opposition clause, even though she did not overtly communicate that she thought the harassment she reported was illegal. Here Surendra's request for religious accommodation similarly can be read as resistant or antagonistic to working the Friday night shift in conflict with her Sabbath. There are many ways to communicate opposition to correct your honor she was an applicant applying for a job and one of whose requirements is work on on her Sabbath at least sometimes correct so when she when the she requested to have Friday it wasn't a matter of whether she said she would do the job with or without accommodation she said repeatedly that she would make it work she would come in on her shift and withdrew her request for accommodation but then she was punished for making the request in the first place that's the problem here she was fully qualified to do the job and she had she testified that she she testified that she had made I don't think the job applicant is the same as an employee in this situation but they're covered in the same regard in the retaliation statute it talks about an individual they cannot discriminate against an individual so she is protected in the same regard and the the retaliation statute covers applicants I don't I just don't understand if you apply for a job that requires work on your Sabbath and and you say well I need an accommodation and then they say we can't accommodate because we got to have we got to have work a worker a workforce on your on your on your Sabbath and she says oh well never mind just hire me and I'll come in and we'll make it work well she testified at length that she had made peace with working on her Sabbath because she was going to give part of her salary to the church she really needed the job I can't take that I can't buy into did she communicate excuse me I just the employer doesn't have to do that it does your honor if she's a case with a job applicant is similar the job applicant is covered exactly in the same way as an employee that's what the statute says it says an individual doesn't use the doesn't talk about job yes it the agency does it cover no the statute excuse me one second the language of the an unlawful employment practice discriminate against an employee or applicant because he has opposed any practice made unlawful made an unlawful employment practice by this subtype needing a workforce on somebody some people's Sabbath that's correct it's a neutral rule that potentially could be an employment discriminate could be discriminatory as applied to her short of undue hardship but this is not a failure to accommodate claim she withdrew her accommodation request what happened is she was punished for asserting her right to to request an accommodation under the statute that's why this is a retaliation claim and not a failure to accommodate it's made up claim I can imagine it's fits into the language of the statute she identified a conflict with her religious beliefs with a work requirement and then she it fits she posed a practice she reasonably believed was unlawful because she thought she was entitled to an accommodation just because the employer could not accommodate her doesn't mean she wasn't protected by this other provision of title 7 so just like in the case in alice give me your best job applicant case I don't know that there is a job applicant case but the court this is very much like the case in alice versus hearthstone homes where an employee asked for an exception to a job requirement to attend these mind-body energy sessions that he said conflicted with his religion as a christian and he was ultimately fired later when he did not go to these sessions so just like those mind-body energy sessions the employer was perfectly allowed that case couldn't be further from this situation it's almost exactly the same the court this court affirmed the jury verdict saying that he had offered enough enough evidence of retaliation because he had identified a conflict with his religious beliefs on the job and there was all kinds of all kinds of a basis to infer retaliation the statute covers applicants in the same regard and she withdrew her request for accommodation can I ask you a question about that withdrawal please yes um here's a the the the issue that i that i that i have is that um she uh applies for the job she then uh indicates that she needs to be accommodated for the sabbath um she's told that we really don't have the ability to do that consistent with the with the uh collective bargaining agreement and with the job duties that are required she says well um i'll withdraw it i'll make it work right and she said and if i have to come in for an emergency i will she has one belief of what she meant by saying that the employer says they believe something else that's correct and where i'm a little bit fuzzier on is when did she communicate to the employer this other theory that she arrived at that really i can solve my sabbath problem by just contributing the money or some part of the money to the church when was that communicated well she actually testified to that in her deposition after this litigation was initiated but she did but but no one's a mind reader so we really can't consider that fact agreed your honor but in her um the email correspondence i don't know if you uh read that in the record of november 20th when she was told that the job offer was being withdrawn she wrote a lengthy email and four to four to five times said that she will take it without accommodation many times and she testified that she made known repeatedly that she was willing to take the job with or without accommodation and that she really really wanted the job but they um testified that they the hr individuals just didn't believe that she was really going to appear on friday nights but that if they they this is also a summary judgment record so the facts should be taken in the light most favorable to the commission and there is substantial evidence that she made known repeatedly that she would take the job with or without accommodation and that she was also rated a very very highly in her interview considered a great applicant for so for someone that they actually wanted to hire it's inexplicable why they wouldn't have given her the benefit of the doubt assigned her to her schedule and then if there was a problem with her attendance then they would have been certainly within their rights to fire her at that point but to withdraw her job offer that after she withdrew her request for accommodation is the problem here she was asserting a right that is specified in title 7 to request an accommodation even as an applicant she is protected by that part of the statute and so basically when she said that i'll find someone to cover for me or an emergency i'll come in and that should be ignored when she later says listen i withdraw my request for any accommodation well i don't know if you would ignore it your honor but it seems like there were a lot of miscommunications in this whole hiring process that she she was in her mind she was saying it's an emergency for in my situation like it's i'll i will go in and she was planning to go in if she couldn't find someone to switch with her they understood that to mean that if someone's dying and she's absolutely needed then she'll be there but again and the other um so it's um more of a she tried to um clarify in these email correspondence that she was going to work without the accommodation yet they um still withdrew the job offer from her so that was so our case is that she was asserting her right it's not a failure to accommodate claim but that she was still punished even though she said i will work the shift that i have been assigned and that they should have then reinstated her job offer does it does it make any difference that the employer might have uh um looked at the mixed message that was being sent between the first statements in the letter and and just said we're just not sure well this is a that they would be at um they could certainly um tell a jury that but these are factual issues about what actually happened um and here the the district court only decided this case on this legal issue on whether what she her clear request for an exception to this work requirement because of looked at under the the supreme court's case in Crawford which did not require an overt statement that i believe i'm my rights are being violated there the court there said showed that it was implicit in the in the plaintiff there who was reporting on harassment that may or may not have risen to an illegal violation that in that case um she didn't just like Sharandara didn't specifically say you can't do that you're violating my rights but she by identifying a conflict with her religious beliefs showed that she was opposing having to work on her sabbath um when the hospital could potentially accommodate her so again it should be looked at um fitting into the opposition clause of the statute i see my retaliation when the employer prospective employer then looked to she could fill well that's again another factual factual dispute it they didn't make any real attempt to find her another job at the hospital they really believe that there was no job there open to her because of the collective bargaining agreement or potentially because they just didn't want to deal with a seven-day adventist that might need an accommodation so again that's all that would have to be developed and and go to a jury on what they were actually summary judgment record for they didn't really look very hard well that she wasn't ever hired for any positions and she testified that she was um she was applied for jobs that she didn't even have the minimum qualifications for so it seemed like a pretty empty i just asked you for a record site i'm not familiar i don't oh sorry um we cited all that what's in the red brief what's well the notion that that well we tried that we tried to i mean that would have been an accommodation to find her another position yes it doesn't take away the fact that they withdrew the job that she had accepted because she requested a reasonable accommodation under the the statute she is still protected and that she ended up not being offered a job of any kind moreover that the look at this aspect why i don't have a record site handy around her but i'm sorry about that but the renee conklin testified that had she been in a current employee they would have done what they could to accommodate her so the the hospital was highly irritated which i know you are as well look judge looking that she requested the accommodation after she knew that it included nights and weekends so they were definitely punishing her for requesting this accommodation but it's there's no reason to think that she knew about the collective bargaining agreement or knew that it would be difficult for her she testified that she i don't think the employer was irritated the employer was certainly irritated they they said repeatedly as we told you as we told you multiple times it requires nights and weekends she also offered to work the sunday night shift so she wasn't trying to get out of weekend work so she did offer to try to work with she's testified that she withdrew her up her request immediately and didn't make a bigger deal about this miscommunication that was going on because she didn't want to create bad blood she didn't want to be too aggressive so because she really really wanted to work there so the idea that she had to do more to fall under the opposition clause is not supported by me good morning may it please the court i'm karen shanfield i'm appearing today on behalf of north memorial health along with my colleague pari magara we're from the frederickson and byron law firm i think it's important to be clear about what is and isn't at stake here this is not a case in which north memorial is accused of not providing a reasonable accommodation the eeoc has not pursued that claim nor has it pursued the claim of discrimination that miss sure andara was treated differently because of her religion or because of her practices the only thing that's at stake here is a retaliation claim and we have to look carefully at the words of the statute to see whether or not under the facts of this case it's appropriate to infer that she engaged in opposition therefore falling within the confines of the retaliation clause so retaliation is what is is the clause that's at stake uh in our circuit both judge jody and now judge magnuson have held that the language of title seven does not include a statement of the type that mr andara made she didn't engage in protected activity because she didn't oppose a practice and have a good faith belief that that practice was illegal what the we look to crawford your honor for the proposition that a person may oppose within the meaning of the retaliation clause of title seven even if that person doesn't initiate the dialogue but in took place after the episode had happened the individual was talking about what she experienced at work and made it clear that she thought that was wrong here the eeoc is arguing for something that it calls implied opposition we think of that as sort of anticipatory opposition so make a statement nothing has happened yet you don't know which way the employer is going to come and yet if you don't get what you asked for now you can claim retaliation there's no indication whatsoever that she thought not grant that first of all that she thought north memorial had to grant the accommodation and second of all that she thought that not granting it was illegal those are sort of flip sides of the same coin but she she made it very clear um that she wanted to negotiate with north memorial had she thought that north memorial had an obligation to grant an accommodation there would be nothing to negotiate so her continued negotiation her back and forth her multiple variations of what she would do going forward really is what led north memorial to conclude they couldn't rely on her to work on those friday nights and that that is sort of the sum and at the end of the day this is a case in which she cannot make up make out a prima facie case of retaliation and even if she does the employer had a legitimate non-retaliatory reason for its action there is no evidence of pretext in the record that means that she prevails the issue of pretext was fully briefed before the district court it was considered there was there were questions asked related to it in the depositions that were taken and judge jody engaged with us on that very issue and in in the context of that oral argument the threshold issue though whether it's protected yes your honor the threshold activity the threshold question is whether it's protected activity it is protected activity only if it is opposition to an unlawful practice so she's got to have good reason to believe that that denying the request is an unlawful practice she never tells us she thinks it's unlawful and in fact her behavior indicates just the opposite her behavior is i'll find a way to work this out and and again multiple variations of what that meant over time so she never engages in that protected conduct simply saying i need an i need an accommodation without more isn't opposition that's as if i were applying for a job and i said by the way i want to be paid on the same equal basis as my male counterparts i don't know if you're going to do that or not but just making that statement doesn't rise to the level of opposition even under the Crawford case and certainly under the federal district court cases that have followed Crawford sorry i didn't mean to um let me talk a little bit about what mr and r also didn't do besides not asserting her title seven rights she in answer to judge erickson's question i'll tell you that she testified in her deposition that she never told north memorial that she would donate the money to charity and there is absolutely no reason to require an employer to hire someone that they believe will not be reliable to provide patient care to ailing elderly patients remember that's the position she was being hired for and they were going out on a limb in some ways in hiring her into an advanced beginner program she would have a special preceptor to work with her to help her transition to hospital care hospital care was new to mr and dara and north memorial was willing to help her achieve that level of sophistication in her work but nonetheless um she the the ulc would have you believe that uh it would would have been better for north memorial to hire her and then if she didn't show up to fire her that's certainly not required by any law that i'm familiar with and it sort of flies in the face of common sense you had three experienced hr people who had dealt with mr and r over a period of time and came to the conclusion legitimately based on the information they were entitled to consider we can't rely on her she's going to she's not going to work she doesn't understand the collective bargaining agreement she doesn't the requirements of seniority in the hospital she doesn't understand uh the importance of showing up when you're in direct patient care positions and so we just can't count on her far better in our mind to make the decision at that point in time and to continue to work with her to find a different job north memorial liked her wasn't that conclusion based on the fact that she was a seventh day Adventist and she had requested an accommodation uh no your honor it was not it was based on the story about what she wouldn't would and would not do change multiple times during the course of the conversation if she had a belief system that by by which she said i will not work on friday nights and that's non-negotiable that that's getting much closer to opposition but we weren't there in this case she's made a statement and then started to uh withdraw from that statement sort of acquiesce to the notion of working on friday nights over time so north memorial did in fact try to work with her did try to accommodate her i mean it didn't again there's no finding by the eeoc and they haven't pursued this this uh claim at all that she was not reasonably accommodated uh the case law has been clear since about 1977 in the twa case that an employer doesn't have to violate its collective bargaining agreement to provide a religious accommodation to uh an individual so so that's not an issue but but even if it were they went out she simply had to have had a good faith basis for believing that she was entitled to the accommodation she'd have a good faith belief belief and communicate to the employer that to her employer she did just the opposite your honor she never said i have to have this in order to work she didn't uh the fact that she changed what it was she was willing to do over a period of time that's the factual basis for rejecting her as a as an applicant for employment and then again north memorial liked her they wanted to work with her they looked for different jobs for her there is not there is no evidence in the record to suggest that that was a sham or a pretext as the eeoc argues right now um there is nothing that would that would suggest that was a case north memorial is an urban hospital it is used to accommodating a variety of belief systems both in its employees and in its patients so this this um again they want they wanted to work with wanted to find something they in fact in even one instance and this is in nick wallenbacher's deposition waived the minimum requirements in order to help her get a job so to the extent that they were treating her differently because of her belief system i think that would be a very very difficult burden for the eeoc to bear to prove that there was pretext involved here and remember pretext of course means but for but for her religion she they would not have withdrawn the at the end of the day that north memorial didn't have a legitimate business reason for withdrawing the offer and that its real reason was intent to discriminate and when they continued to work with her that seems to me that flies in the face of intent to discriminate the eeoc also mentions the alice case i agree judge logan with you the alice case could not be more different than this case there was a case that's a case that this um this circuit um affirmed a jury discrimination and on retaliation and there in that case mr alice refused to participate in the mind body sessions that his employer required so clearly took a stand and didn't back down from that stand that's opposition and what mr andara did isn't isn't anywhere close to that uh the eeoc also points to the ada case law we think that case law is inapposite for a variety of reasons one is just frankly the skepticism that even this court has expressed as to whether asking for a reasonable accommodation under the ada is a protected conduct this this court's been quite skeptical of that view it has followed precedent in earlier decisions of the court but that the language of the kirkeberg case in particular makes quite clear that this court isn't so certain that the language of the statute can be stretched to include merely making a request would you agree that the heisler decision is still precedent uh it is in the ada context your honor it's not precedential as to title seven this court has not made a determination on a request a bare bones request for accommodation in the context of title seven would you also agree that the cosette case in the cosette case the eighth circuit said that we interpret ada the same way as title seven it it the this circuit does uh look to ada for certain uh items but as judge dhoni correctly pointed out in this case the ada is a significantly different statute in the respect when it comes to to what is protected conduct so there's discrimination and there's retaliation in both statutes but the ada also has an interference clause and that interference clause is what teaches us that in the broader context words can have different meaning and that is certainly the situation here so we would urge this court not to be misled by the notion of referring to the ada as guidance in a title seven case it simply is a different statutory scheme it is far more robust and it provides this additional third prong of protection that the that title seven simply doesn't provide um in terms of uh findings uh below you know the the the district court ruled strictly on the legal issue and we would urge this court to affirm uh either on that ground or on the ground that there is no reasonable jury that could find uh that that there was pretext here so she simply can't make out the prima facie case as i said earlier even if she could make out the prima facie case we have clear evidence from deposition testimony that is unrebutted that the reason for the rejection of her as an applicant was simply the fact that she couldn't be counted on to show up for shifts and these were not these are not shifts you know pulling shots of cappuccino in a espresso bar right this is caring for critically ill people uh many of whom were at the end stages of their life so it was nothing that the that north memorial took lightly uh by any stretch and at the end of the day there is no evidence of pretext so we think there are ample grounds for this court to affirm and i will be happy to cede my remaining two minutes unless there are further questions. Thank you. So um on the ADA cases the provision that is cited it's true that they don't um the ADA cases have all either recognized or held that the same language um and the the two provisions are the same in the ADA in title 7. They all say that reasonable accommodation is protected activity without analysis um but those cases all cite the same provision the retaliation provision not the interference provision so while i agree that the ADA is a different statute and in some ways is the same um so we and the cases that have recognized that the right to accommodation are covered cite to the retaliation statute not the interference provision um and to to address the point that it was anticipatory opposition it was she was opposing having to work on her sabbath when the hospital could potentially accommodate her so it wasn't anticipatory it was clearly fitting into identifying a conflict with having to work on her sabbath in violation of her religious beliefs um then on the all this point it's true while he the plaintiff and alice did say it was a that the religious sessions were occult and it was he made him uncomfortable sure and daro said i don't work fridays this conflicts with my religion and expressed similar opposition and the court in Crawford didn't give a base threshold of activity or pushback that you have to have to qualify as opposition so under Crawford and all this this court would be well within um supported by um authority to hold that what sharon dara said and did in this case was protected opposition and then judge locan you are asking for a case about an applicant and a religious and religious discrimination the supreme court's decision in Abercrombie involved a woman who was applying to that store and had wore a headscarf and that was a religious was not a retaliation case but it did talk about the fact that when you have a neutral rule applied to someone who has a religious um conflict with it that that neutral rule does have to give way to accommodation short of undue hardship of course um let's see i think that is everything but um i would urge um the entire panel to to look at the Crawford decision very carefully and i really appreciate your time thank you very much counsel the case has been well briefed and argued and we'll take it under advisement